Jennifer J. Wirsching SBN 263141
2600 West Olive Ave. 5th Floor
Burbank, CA 91505
424-355-5907
Wirschinglaw@outlook.com

Attorney for Defendant
**Melahat Rafiei**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 8:23-CR-006-FLA |
| vs | ) | |
| | ) | |
| **MELAHAT RAFIEI,** | ) | **DEFENDANT'S OBJECTIONS/CORRECTIONS TO THE PSR** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

        Defendant, MELAHAT RAFIEI, by and through her

attorney of record, Jennifer J. Wirsching hereby

submits her corrections/objections to the PSR.

        Informal objections were sent via email to the

government and the PSR writer on July 8, 2025.

## **Defendant's Objections/Corrections to the PSR**

**Cover page** Defense council name, and address should be updated to reflect:

Jennifer J. Wirsching

2600 West Olive Ave. 5th floor Burbank, CA 91505

424-901-9280

Wirschinglaw@outlook.com

**Page 1** Defendant respectfully requests that Ms. Wirsching's recently changed contact information be updated to reflect that listed in ECF (as reflected above.)

**Page 3** Defendant respectfully objects to the improper base offense level calculation of 12. The correct base offense level is 7.

**Page 3** Defendant respectfully objects to the improper calculation of specific offense characteristics as 16. Specific offense characteristics correctly total 12.

**Page 3** Defendant respectfully objects to the improper calculation of adjusted offense level as 28. The adjusted defense level should be 19.

**Page 3** Defendant respectfully objects to the inclusion of a multiple count adjustment, which is inapplicable to this case. (See discussion in objection to ¶23 et. al. below for elucidation)

**Page 3** Defendant respectfully objects to the incorrect calculation of the total offense level as 24. Total adjusted defense level should be 14.

**Page 3** Defendant respectfully objects to the incorrect guideline range of 51 to 63 months. The correct guideline range should be 15 to 21 months.

**¶4** Defendant respectfully objects that she agreed that "the court may consider uncharged conduct in determining the applicable sentencing guideline range" (emphasis added) There is no such language in the plea. Such a statement is also inconsistent with the express language of the plea in which the parties agree that the base offense level is 7, and at the loss amount is more than $250,000 which carries +12 points.

**¶22** Defendant respectfully objects to the use of the 2023 guidelines manual. USSG § 1B 1.11 states "the court shall use the guidelines manual in effect on the date that the defendant is sentenced." Defendant is set to be sentenced in August 2025. At that time the guidelines manual in effect will be the 2024 manual.

**¶23** Defendant respectfully objects to the inclusion of uncharged conduct being used to calculate a separate group. USSG §1.B1.2 is inapplicable to this case.

USSG §1B1.2(a) states "[h]owever, in the case of a plea agreement . . . containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two

applicable to the stipulated offense." (Emphasis Added)

USSG §1B1.2 requires that the government and defense included a stipulation in the plea agreement that specifically sets out a more serious offense than the charge plead to, and that they included that stipulation because they specifically intended USSG §1B1.2 to be employed. The parties did not so stipulate, no stipulation is included, and the parties did not intend for USSG§1B1.2 to be employed.

There is No Stipulation in the Plea Agreement
Regarding USSG 1B1.2

USSG §1B1.2(c) states "A factual statement or a stipulation contained in a plea agreement (written or made orally on the record) is a stipulation for purposes of subsection (a) **only** if both the defendant and the government **explicitly agree that the factual statement or stipulation is a stipulation for such purposes.** "(Emphasis Added)

There is no stipulation in the plea agreement to any other offense. Beyond there being no stipulation at all, there is no "explicitly stated" agreement that the stipulation is there for the purpose of establishing a basis for the use of USSG §1B1.2(c). The parties in this matter did not contemplate, agree nor stipulate to the use of USSG§1B1.2 in the plea agreement, which is why any such are absent. Therefore, USSG §1B1.2(c) is inapplicable in this matter.

¶24 Defendant respectfully objects to the inclusion of this paragraph as it is irrelevant. Please see discussion of objection to paragraph 23 above.

¶25 Defendant respectfully objects to the inclusion of this paragraph. As discussed above in the objection to paragraph 23 there is no stipulation included in the plea agreement. The parties did not explicitly state that they intended to be USSG 2B1.2(c) to be included. The section is irrelevant to this matter.

¶26 Defendant respectfully objects the inclusion of this paragraph, as there is no pseudo count, there is no stipulation to a pseudo count, there is no explicit statement the parties intended for USSG § 2B1.2(c) to be included.

¶29-30 Defendant respectfully objects to the inclusion of this specific offense characteristic. The offense conduct did not include sophisticated means. The conduct discussed in this paragraph is standard conduct found in virtually all wire fraud transactions. There should be no additional points added for sophisticated means.

¶35 Defendant respectfully objects to the incorrect adjusted offense level of 21. As discussed exhaustively above, the correct adjusted defense level is 19.

¶40 Defendant respectfully objects to the improper addition of +4 points under USSG§2C1.1(b)(3). Defendant was not convicted of any offense covered by this section. Therefore, this specific offense

characteristic is inapplicable. As such, no points should be added.

**¶45** Defendant respectfully objects to the improper calculation of the adjusted offense level as 28. As discussed exhaustively above, the correct adjusted defense level is 19.

**¶46** Defendant respectfully objects to this paragraph as it is completely inapplicable to this case. Please see exhaustive discussions above as to multiple count adjustment being inapplicable in this matter.

**¶47** Defendant respectfully objects to the inclusion of a "greater of the adjusted defense levels." As discussed exhaustively above, there is no basis in this matter for a multiple count adjustment.

**¶48** Defendant respectfully objects to the inclusion of this paragraph. As discussed above exhaustively, there is no basis in this matter for a multiple count adjustment.

**¶49** Defendant respectfully objects to the inclusion of a "combined adjusted defense level." As discussed exhaustively above there is no basis in this matter for a multiple count adjustment. The defendant respectfully objects to the incorrect calculation of 29 points. Correct calculation of the adjusted offense level is 19.

**¶54** Defendant respectfully objects to the incorrect calculation of the total offense level as 24. As discussed exhaustively above, the inclusion of multiple count adjustment is

inapplicable in this matter. The correct total offense level is 14.

**¶119** Defendant respectfully objects to the incorrect calculation of an offense level of 24 and a resulting guideline range of 51 to 63 months imprisonment. As discussed exhaustively above, no multiple count adjustment is applicable in this matter. The correct total offense level is 19. With a criminal history category of I, the correct guideline range is 15 to 21 months.

**¶120** Defendant respectfully objects to this entire paragraph as inapplicable. As discussed exhaustively above, there was no stipulation by the parties, there was no stipulation filed by the parties, nor any intent by the parties to invoke USSG§2B1.1(b)(2). As such, multiple count adjustment is an applicable to this matter.

**¶125** Defendant respectfully objects to this paragraph.


RESPECTFULLY,


___/S/_____
Jennifer J. Wirsching
2600 West Olive Ave. 5th
Burbank, CA 91505
424-355-5907
wirschinglaw@outlook.com
Attorney for Defendant
Melahat Rafiei

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2025, I electronically filed the above **'DEFENDANT'S OBJECTIONS/CORRECTIONS TO THE PSR"** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to counsel of record.


<u>/s/ Jennifer Wirsching</u>
Jennifer Wirsching
Attorney for Melahat Rafiei