BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
Deputy Chief, Orange County Office
U.S. ATTORNEY'S OFFICE
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3500
Facsimile: (714) 338-3561
E-mail: melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MELAHAT RAFIEI,

Defendant.

No. SA CR 23-06-FLA

GOVERNMENT'S SENTENCING POSITION AND MOTION FOR DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1

Hearing Date: August 22, 2025
Hearing Time: 9:00 a.m.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Melissa Rabbani, hereby files its sentencing position for defendant Melahat Rafiei, which includes a motion for departure from the applicable Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1.

The government's sentencing position and motion are based upon the attached memorandum of points and authorities, the files and

records in this case, the Presentence Report filed on July 29, 2024, and such further evidence and argument as the Court may wish to consider at the time of sentencing.

Dated: August 8, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

/s/ *Melissa S. Rabbani*
MELISSA S. RABBANI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Melahat Rafiei ("defendant") is a former political consultant in Orange County. In late 2019, the FBI approached defendant regarding her involvement in a scheme to bribe two city council officials in Irvine. Defendant quickly agreed to cooperate with the government, and her cooperation led to charges against two public officials: Todd Ament, former chairman of the Anaheim Chamber of Commerce, and Harish "Harry" Sidhu, the former mayor of Anaheim. Both Ament and Sidhu pled guilty to fraud charges; Sidhu was sentenced earlier this year to two months' custody, and Ament is still awaiting sentencing. See United States v. Sidhu, SA CR 23-114-JWH, and United States v. Ament, SA CR 22-81-FLA.

In April 2023, defendant pled guilty to a single count of attempted wire fraud. In her plea agreement, defendant admitted to the facts surrounding the bribery scheme as well as the attempted wire fraud charge. See Dkt. 14 at 6-9. In exchange, the government agreed not to prosecute defendant for the bribery scheme and agreed to recommend that the Court apply the Sentencing Guidelines range applicable to the attempted wire fraud count only. See id. at 3, 10.

The United States Probation Office ("USPO") filed a Presentence Report on July 29, 2024. Dkt. 54. In its report, the USPO applied the Guidelines ranges applicable to the bribery scheme and the attempted wire fraud scheme, ultimately concluding that the total applicable offense level in this case is 24. Id. at 7-12. With defendant's criminal history in category I, the USPO concluded that the applicable Guidelines range in this case is 51 to 63 months. Id. at 3.

Per the terms of the parties' plea agreement, the government respectfully recommends that the Court apply a total offense level of 14, rather than 24; with defendant's criminal history in category I, the government believes the starting applicable Guidelines range in this case is 15 to 21 months. The government also believes that defendant has provided substantial assistance in the investigation or prosecution of another person, and a six-level departure is thus warranted under U.S.S.G. § 5K1.1. With that departure, the applicable Guidelines range is zero to six months' imprisonment, and a sentence of probation is authorized under the Guidelines.

Based on defendant's cooperation, the government respectfully recommends that the Court impose a sentence of one year of probation and order a special assessment of $100, as well as a fine of $10,000.[1] The government believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## II. SUMMARY OF RELEVANT FACTS

The facts below are taken from the plea agreement filed on January 19, 2023. See Dkt. 14 at 6-9.

### A. Bribery

In 2018, defendant agreed to give at least $225,000 in bribes to two members of the Irvine City Council, in exchange for their agreement to introduce and pass a city ordinance that would allow defendant's clients to open a retail cannabis store in Irvine. In particular, in a recorded phone call, defendant asked a confidential source – whom defendant thought was her client, and not a

[1] Restitution is not applicable in this case.

confidential source working with the government – to pay her between $350,000 and $400,000 in exchange for getting the cannabis ordinance introduced. Defendant later told her client that one city council official had requested $25,000, while another had requested $200,000.

**B. Attempted Wire Fraud**

In 2019, defendant told the same confidential source – whom defendant still believed was her client, and not a confidential source working with the government - that in exchange for a payment of at least $300,000, she would work to pass a cannabis-related ordinance in Anaheim that would benefit and be specifically tailored for the confidential source's business. In fact, defendant was already working on such an ordinance for other paying clients. And while defendant represented to the confidential source that she would only keep $10,000 of the payment, she in fact intended to keep $100,000 of that payment.

**C. Cooperation**

On October 28, 2019, FBI agents approached defendant with a sealed complaint, charging her with bribery, and an arrest warrant. See United States v. Rafiei, 8:19-mj-802.[2] Defendant immediately agreed to cooperate with the FBI and, that same day, participated in a lengthy interview with agents, providing detailed information about, among other things, the bribery scheme at the center of the complaint. Defendant also agreed to cooperate with the FBI and did so actively for over a year, including by engaging in covertly recorded meetings. As set forth above, her cooperation led to charges against Ament and Sidhu.

---

[2] That complaint was dismissed following defendant's agreement to cooperate.

**III. THE GOVERNMENT'S POSITION**

As set forth above, the government believes that the total offense level in this case is 14. In particular, as set forth in the plea agreement, the base offense level for the attempted wire fraud scheme is 7, pursuant to U.S.S.G. §§ 2X1.1, 2B1.1. See Dkt. 14 at 10. And pursuant to U.S.S.G. §§ 2B1.1(b)(1)(g), an increase of 12 levels applies because the intended loss amount was over $250,000. The government also agrees with the USPO that defendant is entitled to a three-point reduction for acceptance of responsibility and an additional two-level decrease because she is a zero-point offender. See Dkt. 54 at 11.

Thus, because defendant is in criminal history category I, the government believes that the starting Guidelines range for this case is 15 to 21 months' imprisonment.

Based on defendant's substantial assistance, the government moves for an additional six-level departure pursuant to U.S.S.G. § 5K1.1.

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. In determining the appropriate reduction, the Court may consider, among other factors, the court's evaluation of the significance and usefulness of the defendant's assistance; the truthfulness, completeness, timeliness, and reliability of any information provided by the defendant; and any injury or danger incurred by the defendant in cooperating with the government. Id. Here, all of those factors weigh in favor of a significant departure for defendant.

On the same day she was initially approached by the FBI, defendant agreed to assist FBI agents in investigating public corruption in Orange County. Based on defendant's actions, including covertly recording meetings and phone calls, the government was able to charge Todd Ament, the former chairman of the Anaheim Chamber of Commerce, and Harry Sidhu, the former mayor of Anaheim. Both Ament and Sidhu resigned from their positions and pled guilty to fraud charges; Sidhu was sentenced to two months' custody, and Ament is yet to be sentenced. Without defendant Rafiei's actions, the government likely could not have charged Ament or Sidhu. Rafiei devoted a significant amount of time to her cooperation, provided information that was truthful and timely, and risked her own political, business, and personal connections and reputation to do so.

Given the above, the government respectfully submits that a six-level departure is appropriate here. With that departure applied, the total offense level is 8, and with a criminal history score of I, the applicable Guidelines range is zero to six months.

The government respectfully recommends that the Court impose a sentence at the low end of that range: one year of probation[3] and a special assessment of $100. The government believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Defendant engaged in serious and deceptive behavior, demonstrating complete disregard for the democratic process and the public interest and prioritizing only her own financial gain. Conduct like defendant's threatens to undermine public trust in

[3] In recommending one year, the government notes that defendant has already been subject to pretrial supervision for over two years.

government and the political process, at a time when public trust is already low.

Still, defendant immediately accepted responsibility for her actions and spent over a year actively cooperating with the government, leading to serious charges against two other individuals.

Under the particular circumstances of this case, the government submits that a probationary sentence will appropriately reflect the seriousness of this offense and promote respect for the law, deter future criminal conduct from both the defendant and others without imposing greater punishment than necessary, and serve to protect the community from further crime, while minimizing sentencing disparities among similarly situated defendants.

**IV. FINE**

With a total offense level of eight, the applicable Guidelines range for a fine is between $2,000 and $20,000. See U.S.S.G. 5E1.2(3). In determining the appropriate amount of a fine, the Court is instructed to consider, among other things, defendant's ability to pay the fine and the burden a fine would place on the defendant and his or her dependents.

As noted in the PSR, defendant has positive net worth, but is primarily living off of her savings while supporting one child as a single parent. Dkt. 54 at 19-22. The USPO concludes that defendant has an immediate ability to pay a fine of $5,000. Id.

Based on the above factors, as well as the nature and seriousness of the offense, the government submits that a fine of $10,000 is appropriate in this case.

**V. CONCLUSION**

As set forth above, a sentence of one year of probation, a special assessment of $100, and a fine of $10,000 is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, deter defendant from committing similar crimes in the future, and avoid sentencing disparities. See generally 18 U.S.C. § 3553(a).